■ In the Matter of EDWARD S. KAMINOW, Respondent, v WEST MILL CLOTHES, INC., Also Known as LORD WEST, Appellant. [802 NYS2d 407]—

Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered January 4, 2005, which, inter alia, confirmed an arbitration award in favor of petitioner employee and against respondent employer, unanimously affirmed, with costs.

We reject respondent's contention that the arbitrators exceeded their authority by deciding issues that were unrelated to the Benefits Agreement that petitioner had noticed as the subject of the arbitration, namely, respondent's obligation to repurchase petitioner's stock, which increased the amount of the award, and petitioner's obligation to repay a promissory note, which decreased the amount of the award. With certain exceptions not pertinent herein, the Benefits Agreement provided for arbitration of any controversy or claim "arising out of or relating" thereto, in New York, in accordance with the "applicable rules" of the American Arbitration Association (AAA). Rule 34 (d) of the AAA's National Rules for the Resolution of Employment Disputes provides that "[t]he arbitrator may grant any remedy or relief that the arbitrator deems just and equitable, including any remedy or relief that would have been available to the parties had the matter been heard in court." Further, respondent asserted an affirmative defense that "Claimant's purported damages, if any, should be off-set by monies Claimant is found to owe Respondent." Nothing in such language limited the defense to the insurance premium counterclaims that were dismissed by the arbitrators. Indeed,

respondent's overall defense included the claim that petitioner was not entitled to anything under the Benefits Agreement because he voluntarily resigned after negotiating a severance agreement, which he then renounced, and the Stock Purchase Agreement and promissory note were raised at the arbitration in the context of that defense. Based on these submissions, and given no express limitation in the arbitration clause to the contrary, the arbitrators had authority to consider the offset issues as part of the arbitration clause under rule 34 (d) (*see Matter of Brown & Williamson Tobacco Corp. v Chesley,* 7 AD3d 368, 373-374 [2004]; *Matter of Roffler v Spear, Leeds & Kellogg,* 13 AD3d 308, 310 [2004]). We have considered respondent's other arguments and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Andrias, Friedman and Sweeny, JJ.